# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| **KRAFT FOODS GLOBAL, INC.,** | ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) No. 10 C 8006 |
| vs. | ) <br> ) Judge Joan H. Lefkow |
| **DAIRILEAN, INC.,** | ) <br> ) |
| **Defendant.** | ) <br> ) |

## OPINION AND ORDER

Plaintiff Kraft Foods Global, Inc. ("Kraft") filed a complaint against Dairilean, Inc. ("Dairilean") requesting a declaratory judgment of non-infringement and invalidity of United States Patents Nos. 5,352,468 (the "'468 patent"), 6,251,459 (the "'459 patent"), and 6,465,030 (the "'030 patent"). The parties are unable to agree on the terms for a protective order that would relate to the production of information involving trade secrets or confidential research and development or commercial information. Kraft and Dairilean have filed motions for entry of protective orders that make various modifications to the Interim Order that is in place in this district. *See* Local Patent Rules, App. B. For the following reasons, the modification requested in Dairilean's motion [#32] is denied without prejudice and the modifications requested in Kraft's motion [#21] are granted in part and denied in part.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), the court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial

information not be revealed or be revealed only in a specified way." The party requesting a protective order has the burden of demonstrating to the court that "good cause" exists for its issuance. *Jepson* v. *Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). Where the protective order relates to the production of trade secrets or other confidential information, "[t]he sole question is whether there is an unacceptable risk of or opportunity for 'inadvertent disclosure' of confidential information." *Pfizer Inc.* v. *Apotex Inc.*, 744 F. Supp. 2d 758, 762 (N.D. Ill. 2010) (quoting *Autotech Techs. Ltd. Psp.* v. *Automationdirect.com, Inc.*, 237 F.R.D. 405, 407 (N.D. Ill. 2006)). The court must weigh the risk of inadvertent disclosure against the burden that would be placed on the requesting party if it does not receive the information it seeks. *Id.*

## DISCUSSION

**I.      Dairilean's Motion for Entry of a Modified Protective Order**

Dairilean requests a modification of this district's Interim Order to allow Bruce Schroder, the inventor of the patents-at-issue and the founder and sole employee of Dairilean, to view information that Kraft designates as Highly Confidential. Dairilean proposes the addition of the following language to the end of paragraph 4(d) of the Interim Order, "Notwithstanding the foregoing, if Defendant designates Bruce Schroder as its expert, and Mr. Schroder executes an undertaking in the form of Appendix 1 to this Order, then Mr. Schroder may serve as Defendant's expert witness, and he shall have access to Highly Confidential Information in that capacity." Def.'s Mot. for Protective Order, Ex. 7 at ¶ 4(d). Dairilean argues that Schroder should have access to Kraft's Highly Confidential information, in addition to Kraft's Confidential information, because he will be designated as Dairilean's expert in these