IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC. | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:10-CV-8006 |
| DAIRILEAN, INC., | ) ) ) |
| Defendant. | ) ) |

### [~~PROPOSED~~] SCHEDULING ORDER

1. Initial Disclosures. The parties have completed the initial disclosures required by Rule 26(a)(1).

2. Disclosures and Discovery Pursuant to the Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

3. Additional Discovery Plan. In addition to the discovery plan and schedules addressed in the Local Patent Rules, the following limitations shall apply:

    (a) Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

    (b) Maximum of 100 requests for admission by each party to any other party. Responses due 30 days after service.

    (c) There shall be a maximum of 10 factual (*i.e.*, non-expert) depositions by each party, absent good cause shown for additional depositions. In addition, experts designated by the parties may be deposed.

(d)  Time limits for depositions:

Depositions of Bruce Schroder will be limited to a maximum of 4 days of deposition, with no more than 7 hours of testimony on each day, absent agreement by the parties or an order of the Court for good cause shown.

4. Alternative Discovery Plan.

The following discovery plan shall apply:

| Event | Proposed Date |
|---|---|
| Plaintiff's Initial Noninfringement, Unenforceability, and Invalidity Contentions and Document Production (LPR 2.3 and 2.4) | March 21, 2011 |
| Status Hearing and Scheduling Conference | March 29, 2011 |
| Defendant's Initial Infringement Contentions or Response to Plaintiff's Initial Noninfringement Contentions, and Defendant's Initial Validity Contentions (LPR 2.2 and 2.5) | April 18, 2011 |
| Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.2) | August 19, 2011 |
| Final Date to Seek Stay Pending Reexamination (LPR 3.5) | August 19, 2011 |
| Final Noninfringement, Enforceability, and Validity Contentions (LPR 3.3) | September 16, 2011 |
| Exchange of Proposed Claim Terms to be Construed Along with Proposed Constructions (LPR 4.1) | September 30, 2011 |
| Meet and Confer to agree upon no more than 10 terms to submit for construction (LPR 4.1) | October 7, 2011 |
| Close of Initial Fact Discovery (LPR 1.3) | October 28, 2011 |
| Plaintiff's Opening Claim Construction Brief (LPR 4.2(a)) | November 4, 2011 |
| Joint Claim Construction Appendix (LPR 4.2(b)) | November 4, 2011 |

| | |
|---|---|
| Defendant's Responsive Claim Construction Brief (LPR 4.2(c)) | December 2, 2011 |
| Plaintiff's Reply Claim Construction Brief (LPR 4.2(d) | December 16, 2011 |
| Joint Claim Construction Chart and Joint Status Report (LPR 4.2(f) | January 13, 2012 |
| Claim Construction Hearing | *to be set at a later date* |
| Fact Discovery Reopens (LPR 1.3) | Date Claim Construction Ruling Issued |
| Discovery Concerning Opinions of Counsel (LPR 3.6) | 7 days after Claim Construction Ruling Issued |
| Fact Discovery Closes (LPR 1.3) | 42 days after Claim Construction Ruling Issued |
| Expert Reports on issues for which a party bears the burden of proof (LPR 5.1(b)) | 21 days after Fact Discovery Closes |
| Expert Reports on issues for which a party does not bear the burden of proof (LPR 5.1(c)) | 56 days after Fact Discovery Closes |
| Expert Discovery Closes (LPR 5.2) | 91 days after Fact Discovery Closes |

5. Other Dates:

(a) Dates for supplementations under Rule 26(e):

According to Federal Rule of Civil Procedure 26(e), the parties shall supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The final date for supplementation under Rule 26(e) is no later than 21 days before fact discovery finally closes.

(b) Requested date for pretrial conference: To be determined based on date of Claim Construction Order and/or resolution of Dispositive Motions.

(c)     Final date for the plaintiff to amend pleadings or to join parties, without leave of court: May 20, 2011.

(d)     Final date for the defendant to amend pleadings or to join parties, without leave of court: May 20, 2011.

(e)     Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: To be determined based on date of Claim Construction Order and/or resolution of Dispositive Motions.

(f)     Final dates to file objections under Rule 26(a)(3): Fourteen days after submissions under Rule 26(a)(3).

6.  Other Items:

(a)     Prospects of settlement: The parties have discussed settlement and have been unable to reach a resolution. The case may be more amenable to settlement after the exchange of initial contentions and discovery begins.

(b)     Alternative dispute resolution procedure that may enhance settlement prospects: The parties do not request a settlement conference at this time. However, the parties intend to consider whether mediation will be likely to produce settlement or advance settlement discussions and the most effective timing of any mediation after the parties learn each other's positions.

(c)     Communications between a party and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e) The parties agree the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(f) Changes on limits on discovery

1. The scope of discoverable electronic data and documents

The scope of discoverable electronic data and documents shall be governed by the federal rules and include all data that is responsive to a discovery request. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. The Parties will not produce or search the following categories: (a) Voicemail, if any; (b) Instant Messaging, if any; (c) Text Messaging, and (d) inaccessible storage media, such as disaster recovery media, if any. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery. Nothing herein shall be construed to waive any party's objection to the scope of a particular discovery request.

2. The parties agree that with respect to production of electronic documents, a party need not produce any identical duplicates of any document that exists elsewhere in that party's production.

_____
Honorable Joan H. Lefkow

MAY 0 6 2011